[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13830

Non-Argument Calendar

_____

DANIEL ANDRES RODRIGUEZ,

Petitioner-Appellant,

*versus*

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-81260-DMM

_____

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Rodriguez, a former Florida prisoner currently serving a ten-year term of probation following his custodial sentence for child pornography offenses, appeals from the district court's denial of his 28 U.S.C. § 2254 habeas petition. He argues that the district court erred in denying his petition because the state violated his due process rights by using an unsupervised informant to entice him into committing child-pornography offenses. To succeed on his § 2254 petition, Rodriguez needs to show that a state-court decision was contrary to clearly established federal law. But his due process arguments rely entirely on state-court decisions about Florida law. Accordingly, we affirm the district court's decision to dismiss his habeas petition.

**I**

We review de novo the district court's denial of a habeas petition under 28 U.S.C. § 2254. *Trotter v. Sec'y, Dep't of Corr*., 535 F.3d 1286, 1290 (11th Cir. 2008). The Antiterrorism and Effective Death Penalty Act of 1996 provides that a federal court should not grant a habeas petition "with respect to any claim that was adjudicated on the merits . . . unless" the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Therefore, although we review the

district court's habeas denial de novo, we grant "deference to the final state habeas judgment." *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010) (citation and quotation marks omitted).

Clearly established federal law consists of the governing legal principles set forth in the decisions of the Supreme Court at the time the state court issues its decision. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010). Importantly, the petitioner bears the burden of establishing that the state court's ruling was contrary to or involved an unreasonable application of federal law. *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

## II

Rodriguez's standalone due process claim was not grounded in federal law, and therefore he failed to establish that the state court's ruling was contrary to or involved an unreasonable application of federal law as determined by the Supreme Court.[1] His

---

[1] Our conclusion here parts from the reasoning in the magistrate judge's (adopted) report and recommendation that denied Rodriguez's habeas petition. The report and recommendation—despite § 2254(d)'s requirements—failed to address whether the state post-conviction court's denial of Rodriguez's due process claim was contrary to clearly established federal law or applied federal law in an objectively unreasonable manner. Instead, the magistrate judge appeared to analyze the due process claim de novo without any reference to the state court's decision. This was error. Still, we may affirm the district court's decision on any ground supported by the record, *Trotter*, 535 F.3d at 1291, and we affirm based on one such alternative ground here. Moreover, Rodriguez seems to have failed to object to the report and recommendation's resolution of his standalone due process claim. But because his

petition explicitly mentioned the United States Constitution just once, in the context of his ineffective-assistance claims; his due process argument relied entirely on three Florida state-court cases, two of which were based on the due process provision of the Florida Constitution, and one of which mentioned neither due process nor constitutional law of any variety. And at no point in his petition did Rodriguez argue that the state court applied federal law in an objectively unreasonable manner when it denied his due process claim. So, as best we can tell, the due process argument Rodriguez raised in his habeas petition is entirely based on *Florida* law—and, as such, cannot possibly establish that the state court's ruling was contrary to or involved an unreasonable application of *federal* law. *See Richter*, 562 U.S. at 103; 28 U.S.C. § 2254(d). On appeal, Rodriguez belatedly cites several cases about substantive due process under the United States Constitution. But, even setting aside the propriety of these innovations, Rodriguez still cites to no Supreme Court decision that clearly establishes that the state's conduct in this case violated substantive due process. Accordingly, Rodriguez did not meet his burden under § 2254(d).

## III

For the foregoing reasons, we hold that Rodriguez has failed to meet his burden of establishing that the state court's rejection

---

arguments fail on the "merits" of the § 2254(d) analysis, there's no need to consider whether he properly objected. We likewise have no need to pass on Florida's argument that Rodriguez's petition was barred by an independent and adequate state-law procedural ground.

23-13830               Opinion of the Court                    5

of his due process claim was contrary to or involved an unreasonable application of federal law.

**AFFIRMED.**